IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RAFAEL J. CORDOVA,<br><br>      Plaintiff,<br><br>vs.<br><br>PHILLIP VARGAS and ALEX RODRIGUEZ, in their individual capacities as New Mexico State Police Officers,<br><br>      Defendants. | No. 6:07-cv-00698-PJK-LFG |

ORDER

THIS MATTER comes on for consideration of pending motions. Upon consideration thereof,

    1. <u>Background.</u> In this 42 U.S.C. § 1983 action, Plaintiff seeks damages for violation of his Fourth Amendment rights and also brings supplemental state law claims. Doc. 17. In his federal claims, he maintains that he was subjected to excessive force while being seized (Count I) and falsely arrested (Count II). His state-law Tort Claims Act claims include assault and battery (Count III) and false arrest (Count IV). Doc. 17. Briefly, this case involves an encounter between the Plaintiff, Rafael J. Cordova, and the Defendant officers, Phillip Vargas and Alex Rodriguez, who were dispatched (at Plaintiff's request) to Plaintiff's property

because of a dispute between the Plaintiff and his neighbors. Another officer who was dispatched, Renee Sandoval, was named in the original complaint but has since been dismissed. Though the facts are highly disputed, it appears that Plaintiff wanted to demonstrate to Officer Vargas (with the wooden butt of a hammer he had been using) how he had been assaulted by his neighbor with a nightstick. Doc. 50 at 4, ¶ 14; Doc. 73 at 5, ¶ 16. The parties dispute whether and to what extent such a demonstration occurred after Officer Vargas rejected such an idea, let alone whether the Plaintiff jabbed the butt of the hammer at Officer Vargas, and whether it made contact. Doc. 50 at 5, ¶ 15; id. Ex. 3, at 34-35; Doc. 73 at 5, ¶¶ 15-16; id. Ex. 1, at 167-169.[1]

The parties further dispute whether the hammer had been put away when Officer Vargas used an arm-bar to take down Plaintiff, assisted by Officer Rodriguez who placed his knee on Plaintiff's back. Doc. 50 at 6, ¶¶ 18, 23; Doc. 73 at 6, ¶¶ 18, 23. According the Plaintiff, both Officers Rodriguez and Sandoval had run up from behind, knocking him to the ground while he was being

---

[1] Contrary to the Defendants' reply, Plaintiff never acknowledged that he brandished the hammer against the Officer Vargas. See Doc. 74 at 1 (arguing that Plaintiff acknowledges and no one disputes that Plaintiff brandished the hammer to demonstrate the alleged assault); id at 3, ¶ 15. Only by turning the summary judgment standard on its head (reading the pertinent deposition testimony in the light most favorable to the Defendants) might one arrive at such an inference. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (summary judgment standard); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970) (evidence must be viewed in light most favorable to non-movant).

handcuffed, and thereafter the officers twisted his wrists and pulled up on his arm, causing his right shoulder to "snap," requiring surgical repair.  Doc. 73 at 3.  Plaintiff was placed in a patrol car briefly and then released.  Doc. 50 at 7, ¶ 27; Doc. 73 at 7, ¶ 27; Doc. 74 at 5, ¶ 30.  No charges were filed.  Doc. 73 at 8, ¶ 31.

(2) Amendment of Complaint.  Plaintiff's Motion for Leave to File Second Amended Complaint filed September 9, 2008 (Doc. 54) should be denied.  Having agreed to a stipulated dismissal of Defendant Renee Sandoval without prejudice on December 27, 2007,  Plaintiff now seeks to add her back and include the allegations against her contained in the initial complaint.  The deadline for Plaintiff to join additional parties was December 31, 2007.  Doc. 11 at 1.  Discovery closed on August 6, 2008.  Doc. 36 at 1.  Plaintiff seeks to reinstate Ms. Sandoval claiming that she was involved in the incident and her dismissal was in an effort to foster settlement, which did not occur.

Defendants object on the grounds of prejudice.  They contend that discovery would have to be reopened, and thereafter another motion for summary judgment based upon qualified immunity would be filed on behalf of Ms. Sandoval.  Doc. 67 at 3-4, ¶¶ 10-11.  Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), leave may be denied based upon "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of [the] amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, Plaintiff was aware of the facts which justified including Ms. Sandoval in the original complaint and made a strategic decision to dismiss her in hopes of a better chance of settlement.  Moreover, the deadline for such changes was December 31, 2007, and discovery has closed.  Plaintiff has failed to advance an adequate explanation for leave to amend and it necessarily would require another dispositive motions deadline.  See United States ex rel. Ritchie v. Lockheed Martin Corp., --- F.3d ----, 2009 WL 565517, at *4 (10th Cir. Mar. 6, 2009) (adding a party would have required reopening discovery and deprived Defendant of the full benefit of the summary judgment motion); Minter v. Prime Equip. Co., 451 F.3d 1196, 1205-06 (10th Cir. 2006) (lack of an adequate explanation may justify denial of leave to amend).

(3) Qualified Immunity.  Defendant Officers Vargas and Rodriguez's Motion for Summary Judgment Based On Qualified Immunity and Other Grounds filed September 8, 2008 (Doc. 49) should be denied.  Defendants contend that they are entitled to qualified immunity because their actions were objectively reasonable insofar as there was probable cause to arrest (or reasonable suspicion to detain) Plaintiff for assault or aggravated assault on a peace officer.  According to the Defendants, exigent circumstances existed at the time and any use of force was objectively reasonable.

Governmental officials performing discretionary functions are entitled to

qualified immunity when their conduct does not violate clearly established rights of which a reasonable person would have known. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). An officer can have a reasonable, but mistaken belief, as to the facts establishing reasonable suspicion, probable cause, or a need for force, yet still not have violated the Constitution. Saucier v. Katz, 533 U.S. 194, 205-06 (2001). Likewise, an officer can have a reasonable, but mistaken belief, as to what the law requires vis-a-vis reasonable suspicion, probable cause or excessive force and still receive qualified immunity. Id.

Given a qualified immunity defense raised on summary judgment, a court must decide whether the facts Plaintiff has shown make out a violation of a constitutional right, and if so, whether the right was clearly established. Id. at 815-16. The court may decide these questions in any order. Id. at 818. Although normally a legal inquiry turning on abstract issues of law, qualified immunity must be denied in this case because there are genuine issues of material fact concerning what occurred between the officers and the Plaintiff and these issues of fact go to whether a constitutional violation occurred and the objective legal reasonableness of the officers' conduct. See Keylon v. City of Albuquerque, 535 F.3d 1210, 1219-20 (10th Cir. 2008). Stated another way, after a careful review of the parties' evidentiary submissions, this is not a case where qualified immunity would be appropriate given that the court on summary judgment is required to construe the facts in the light most favorable to the non-moving party,

here the Plaintiff.  See Fed. R. Civ. P. 56(c); Cortez v. McCauley, 478 F.3d 1108, 1115 (10th Cir. 2007).  So construed, the clearly established law concerning the requisites of reasonable suspicion, probable cause and excessive force could allow Plaintiff to prevail.  See, e.g., Graham v. Connor, 490 U.S. 386, 396-97 (1989); Tennessee v. Garner, 471 U.S. 1, 7 (1985); United States v. Cortez, 449 U.S. 411, 417-18 (1981); Casey v. City of Federal Heights, 509 F.3d 1278, 1284-85 (10th Cir. 2007).  The factual issues also preclude summary judgment on the state-law claims.

(4) Motion in Limine-Medical Damages.  Defendants' Motion in Limine to Preclude Introduction of Any Monetary Amounts for Medical Damages Sustained by Plaintiff filed September 8, 2008 (Doc. 51), should be denied without prejudice.  Although this motion may be resolved by the parties' recent stipulation concerning Plaintiff's physical injury claim and medical expenses, see Doc. 79, to the extent that it is not, the court will consider any remaining evidentiary objections as they arise at trial.

(5) Motion in Limine-Prior Injuries and Records.  Defendants' Motion in Limine to Introduce Evidence of Plaintiff's Prior Work Related Injuries, Prior Accidents and Claims, and All Related Medical Records filed September 8, 2008 (Doc. 52) should be denied without prejudice.  The court would prefer to consider any remaining evidentiary objections on this evidence as those objections arise at trial.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1)  Plaintiff's Motion for Leave to File Second Amended Complaint filed September 9, 2008 (Doc. 54) is denied,

(2)  Defendant Officers Vargas and Rodriguez's Motion for Summary Judgment Based On Qualified Immunity and Other Grounds filed September 8, 2008 (Doc. 49) is denied,

(3) Defendants' Motion in Limine to Preclude Introduction of Any Monetary Amounts for Medical Damages Sustained by Plaintiff filed September 8, 2008 (Doc. 51), is denied without prejudice,

(4)  Defendants' Motion in Limine to Introduce Evidence of Plaintiff's Prior Work Related Injuries, Prior Accidents and Claims and All Related Medical Records filed September 8, 2008 (Doc. 52) is denied without prejudice.

DATED this 24th day of March 2009, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation