IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RAFAEL J. CORDOVA,<br><br>          Plaintiff,<br><br>vs.<br><br>PHILIP VARGAS and ALEX RODRIGUEZ, in their individual capacities as New Mexico State Police Officers,<br><br>          Defendants. | No. 6:07-cv-00698-PJK-LFG |

ORDER

THIS MATTER comes on for consideration of Plaintiff's Sealed Motion to Strike Expert Report of Richard L. Fulbright, Ph.D., filed June 8, 2009.  Upon consideration thereof,

(1) <u>Background.</u>  In this 42 U.S.C. § 1983 action, Plaintiff seeks damages for violation of his Fourth Amendment rights and also brings supplemental state law claims.  Doc. 17 at 7-9.  In his federal claims, he maintains that he was subjected to excessive force while being seized (Count I) and falsely arrested (Count II).  His state-law claims include assault and battery (Count III) and false arrest (Count IV).  Plaintiff requests compensatory and punitive damages, claiming both physical and emotional injuries.  Doc. 17 at 1, 9.

On Defendants' motion, the magistrate judge ordered a Fed. R. Civ. P. 35 examination, and subsequently set a schedule for the examination and report. Doc. 70, 72.  The deadline for the expert report was December 5, 2008, and the deadline for the expert deposition was January 5, 2009.  Doc. 72 at 2 nn.1 & 2. Plaintiff's examination by Dr. Fulbright took place on November 5, 2008, and the expert report is dated December 16, 2008.  Doc. 89 at Ex. 1.  Defendants e-mailed the report to Plaintiff's counsel on December 31, 2008, and Plaintiff's counsel acknowledged receipt on January 5, 2009.  Doc. 89 at Ex. 2; Doc. 90 at Ex. B.

(2) <u>Grounds and Disclosure to Date.</u>  Plaintiff argues that the report should be stricken because it is untimely and fails to comply with the disclosure requirements set forth in Fed. R. Civ. P. 26(a)(2)(B).  Doc. 89 at 2.  Once the report is stricken, Plaintiff requests an order excluding Dr. Fulbright from testifying at trial.  Doc. 89 at 2.

Under Rule 26(a)(2)(C), a party must disclose its expert's written report "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(C). Rule 26(a)(2)(B) requires an expert's report to include the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications

>  authored in the previous 10 years;
>
>  (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
>  (vi) a statement of the compensation to be paid for the study and testimony in the case.

Plaintiff contends that the information required in subsections (iv), (v), and (vi) is absent from the expert's report in this case, thus requiring exclusion of the report. Doc. 89 at 2-3. Defendants respond that they have forwarded all relevant documents satisfying these requirements. Doc. 90 at 3. Plaintiff replies that the information in subsections (v) and (vi) remains missing. Doc. 91 at 1-2.

(3) Disposition.

If a party fails to comply with the requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (internal quotation marks omitted). In making such a determination, a court should consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id.

Plaintiff has not shown prejudice at this point. Plaintiff delayed filing this motion to strike until two months after our last status conference. See Doc. 84 (Clerk's Minutes of April 8, 2009). According to Defendant, Plaintiff's counsel indicated its intention to file a motion to strike as early as January 5, 2009, and further indicated Plaintiff's intention not to depose Dr. Fulbright at that time. See Doc. 90 at 3 & Ex. B. Plaintiff replies that he was denied a meaningful opportunity to schedule the deposition within the January 5, 2009, deadline. Doc. 91 at 3. Defendant correctly notes that there remains ample time to depose Dr. Fulbright, given a trial date of January 4, 2010. Doc. 90 at 3. On balance, the court concludes that the delayed submission of the expert report and its exclusion of certain Rule 26(a)(2)(B) disclosures may be remedied by requiring complete Rule 26(a)(2)(B)(v) and (vi) disclosures, and requiring the Defendants to make the expert available and bear certain costs necessitated by that deposition.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) Plaintiff's Sealed Motion To Strike Expert Report of Richard L. Fulbright, Ph.D., filed June 8, 2009 (Doc. 89) is denied but the following relief will be granted;

(2) Defendants shall within ten days of the entry of this order complete the required Fed. R. Civ. P. 26(a)(2)(B)(v) and (vi) disclosures; and

(3) Defendants shall make Dr. Fulbright available within forty-five days from the entry of this order and shall bear the cost of the deposition and the cost

of bringing Dr. Fulbright to New Mexico; if the deposition is held in Dallas, Texas, Defendants shall also pay Plaintiff's attorney's expenses (not attorney's fees) in traveling to the out-of-state deposition.

DATED this 26th day of June 2009, at Santa Fe, New Mexico.

*/s/ Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation